UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ADALBERTO CHICAS GUTIERREZ,<br>*Petitioner,*<br>v.<br>MARKWAYE MULLIN, *et al.*,<br>*Respondents.* | Case No. 26-cv-4003 (NJC)<br><br>**DECLARATION OF ACTING SUPERVISORY DETENTION AND DEPORTATION OFFICER KATHERINE REY** |

Pursuant to 28 U.S.C. § 1746, I, Katherine Rey, declare under penalty of perjury that the following is true and correct:

1. I am an Acting Supervisory Detention and Deportation Officer ("(A)SDDO") at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I started as a Deportation Officer ("DO") in or about June 2012 and served in the capacity as (A)SDDO beginning on June 28, 2026. I am currently assigned to the Fugitive Operations Unit, where I identify and apprehend noncitizens present in the United States without legal status, and I am familiar with certain DHS procedures relating to the processing, removal, detention and parole of aliens.

2. I have access to the electronic records and databases that are maintained by DHS and ICE in the ordinary course of business as a regular practice. These records and databases were prepared at or near the time of the events detailed therein and were prepared by individuals who either had personal knowledge of the information contained therein or were provided with information from an individual with personal knowledge of that information.

3. Based upon my review of these records and databases, and my personal knowledge, I have prepared this declaration in connection with a Petition for a Writ of Habeas Corpus filed by Petitioner Jose Adalberto Chicas Gutierrez ("Petitioner"), a native and citizen of El Salvador, who is assigned Alien Number 208 677 510.

4. I received training on arrests, including Fourth Amendment probable cause training, when I started working as a DO, and I receive refreshed training every year.

5. DHS records state that Petitioner entered the United States without inspection on or about October 31, 2015, at or near Rio Grande City, Texas.

6. On November 1, 2015 Border Patrol ("BP") agents encountered Petitioner near Rio Grande City, Texas. Petitioner stated that he was from El Salvador, that he had crossed the international boundary between Mexico and the United States without inspection, at a place other than a designated Port of Entry, and that he did not have any immigration documents permitting him to enter or remain in the United States legally.

7. The BP apprehended Petitioner and, that same day, November 1, 2025, a BP agent issued a Form I-860 Notice and Order of Expedited Removal ("Notice and Order of Expedited Removal") to Petitioner, charging inadmissibility pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1182(a)(7)(A)(i)(I), and placed Petitioner in expedited removal proceedings. A true and correct copy of the Notice and Order of Expedited Removal, dated November 1, 2025, is attached hereto as Exhibit A.

8. Also on November 1, 2015, a BP agent issued a Form I-296 Notice to Alien Ordered Removed/Departure Verification ("I-296") to Petitioner, finding him inadmissible to the United States under INA § 212(a)(9) (8 U.S.C. §1182(a)(9)) and prohibiting him from entering,

attempting to enter or being in the United States for a period of 5 years from the date of his departure from the United States, as a consequence of having been found inadmissible as an arriving alien in proceedings under INA § 235(b)(1) (8 U.S.C. § 1225(b)(1)), and served Petitioner with the I-296. A true and correct copy of the I-296 dated November 1, 2015, is attached hereto as Exhibit B.

9. Petitioner was detained pending removal, pursuant to INA § 235(b)(1)(A)(i) (8 U.S.C. §1225(b)(1)(A)(i)).

10. On November 2, 2015, Petitioner was booked into the Rio Grande Detention Center.

11. On November 17, 2015, Petitioner was booked out of the Rio Grande Detention Center and was removed to El Salvador pursuant to the I-860.

12. Petitioner reentered the United States at an unknown time and place.

13. On June 30, 2026, I received an email from Homeland Security Investigations ("HSI") Special Agent Gregory Freudenberg ("SA Freudenberg") stating that he had received an investigative referral pertaining to Petitioner from the Office of Refugee and Resettlement ("ORR"), in connection with an Unaccompanied Alien Child ("UAC") who had been placed in ORR's custody. Later that day, SA Freudenberg informed me that he had made contact with Petitioner and asked him to appear at the ICE office at 535 Federal Plaza in Central Islip, New York, on July 1, 2026, for an interview, because Petitioner had been identified as a potential sponsor for the UAC.

14. On that same day, June 30, 2026, I conducted record checks of Petitioner. My record checks showed that Petitioner had illegally reentered the United States following his

removal pursuant to the Notice and Order of Expedited Removal issued by a Designated Official on November 1, 2015, and obtained a digital copy of that document. *See* Exhibit A.

15. I also confirmed that Petitioner was neither an asylee nor a refugee, that he was not a lawful permanent resident, and that he had not applied for lawful permanent residence or for any other immigration benefit.

16. Having learned that Petitioner had unlawfully reentered the United States, I issued a Form I-205 Warrant of Removal/Deportation ("I-205 Warrant") for Petitioner on June 30 2026, at approximately 9:21 p.m. A true and correct copy of the I-205 Warrant is attached hereto as Exhibit C.

17. On July 1, 2026, at approximately 2:08 p.m., together with SA Freudenberg and DO Kyle St. John, I approached Petitioner at the ICE office at 535 Federal Plaza in Central Islip. We identified ourselves to Petitioner as officers with ICE and HSI.

18. I requested identification from Petitioner, speaking to him in Spanish. In response, Petitioner provided a New York State Driver's License ("NYSDL"). The pedigree information on Petitioner's NYSDL contained the same name and date of birth listed on the records maintained by DHS regarding his removal from the United States in 2015, and the photograph on Petitioner's NYSDL was similar to the photograph taken at the time of his removal on November 17, 2015.

19. Having positively identified Petitioner as the target of our investigation, SA Freudenberg, DO St. John and I escorted Petitioner to the processing area of the ICE office and presented him with the I-205 Warrant, explaining to him that he was under arrest due to having illegally reentered with United States. *See* Exhibit C.

20. During processing, DO St. John served Petitioner with the Form I-205, as well as a Form 1815 Notice of Fee Assessment Under 8 U.S.C. § 1815 (

“1815”); an Online Detainee Locator System Privacy Notice; a Statement For All Foreign Nationals Except Those from “Mandatory Notification” Countries, regarding the right to request that a consular officer be notified; and Notice of Rights for Central Islip Hold Room. True and correct copies of the 1815 and the other documents served upon Petitioner are attached hereto as Exhibit D.

21. Petitioner’s fingerprints, taken during processing, matched the fingerprints taken at the time of Petitioner’s removal from the United States in 2015, further confirming his identity.

22. During processing, Petitioner stated that he feared returning to El Salvador.

23. That same day, July 1, 2026, I provided Petitioner with a Form I-871 Notice of Intent/Decision to Reinstate Prior Order (“I-871”), a true and correct copy of which is attached hereto as Exhibit E.

24. The I-871 stated that Petitioner had been identified as an alien ordered removed in 2015, who had illegally reentered the United States on an unknown date, who was subject to removal under the reinstatement of the prior 2015 removal order. *Id.* I communicated the information on the I-871 to Petitioner in Spanish. *Id*., as set forth on the I-871. *Id.*

25. As set forth on the I-871, I offered Petitioner the opportunity to make a written or oral statement. *Id.* Petitioner initially indicated that he would like to make a statement, but when I asked him what his statement was, he said that he did not want to talk.

26. DO St. John also completed a Form I-229(a) Warning for Failure to Depart and Instruction Sheet to Detained Regarding Requirement to Assist in Removal (“I-229(a)”), which Petitioner refused to sign. A true and correct copy of the I-229(a) is attached hereto as Exhibit F.

27. On July 1, 2026, at approximately 3:40 p.m., Petitioner was transferred from the ICE Central Islip Hold Room to the Nassau County Correctional Center ("NCCC"), which is located in East Meadow, New York.

28. On July 2, 2026, ICE records show that, at approximately 5:15 p.m., Petitioner departed the NCCC to be transported to the Delaney Hall Detention Facility ("Delaney Hall") in Newark, New Jersey. At approximately 8:03 p.m. that day, Petitioner arrived at Delaney Hall.

29. As of today, July 9, 2026, Petitioner remains detained at Delaney Hall, pursuant to 8 U.S.C. § 1231(a), for the purposes of effectuating removal.

30. On July 9, 2026, ICE referred Petitioner to the asylum office for a reasonable fear interview.

31. ICE does not anticipate moving Petitioner prior to the hearing scheduled with the District Court on July 10, 2026, other than to transport him to the Federal Courthouse in Central Islip for the hearing.

I hereby declare under penalty of perjury that the above statements are true and correct.

Executed at New York, New York.
This 9th day of July, 2026

KATHERINE D REY
Digitally signed by KATHERINE D REY
Date: 2026.07.09 10:15:35 -04'00'

Katherine Rey
Acting Supervisory Detention and Deportation Officer
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security